**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHN KENT MATHIS,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:14-CV-4223-M-BH** |
| | ) | |
| **BRETT GILBERT, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Rockwall County Probation,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

## I. BACKGROUND

John Kent Mathis (Petitioner) filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for sexual assault of a minor. (Doc. 3). The respondent is Brett Gilbert, Director of the Rockwall County Probation Department (Respondent).

On September 21, 2011, Petitioner was convicted of sexual assault of a minor, and he was sentenced to 10 years' probation in Cause No. 2-11-217 in the 382nd Judicial District Court of Rockwall County, Texas. (Doc. 3 at 2, 4). He appealed. (Doc. 3 at 3); *see Mathis v. State*, 397 S.W.3d 332 (Tex. App.–Dallas 2013). The appellate court modified the judgment and deleted a condition of probation. *Id.* at 342. The State filed a petition for discretionary review to appeal the modification, and the Texas Court of Criminal Appeals reversed the judgment of the appellate court and remanded the case to the trial court for further proceedings regarding the condition of probation. *Mathis v. State*, 424 S.W.3d 89, 93, 96, 98 (Tex. Crim. App. 2014).

Petitioner filed two state applications for a writ of habeas corpus under Texas Code of Criminal Procedure art. 11.07. (Doc. 3 at 3-4). The writ applications were dismissed because he was on

probation and his probation had not been revoked. (Doc. 3 at 4); *Ex parte Mathis*, WR-81,287-01 (Tex. Crim. App., June 11, 2014); WR-81,287-02 (Tex. Crim. App., Aug. 6, 2014); *see also* www.txcourts.gov (search for Petitioner). Petitioner filed a writ application pursuant to Texas Code of Criminal Procedure art. 11.072 (doc. 3 at 4), which was denied by the state district court, and the Court of Appeals affirmed the denial on appeal. *Ex parte Mathis*, No. 05-14-01512-CR, 2015 WL 1256285 (Tex. App. – Dallas, March 17, 2015). He did not file a petition for discretionary review in the Court of Criminal Appeals from the appellate court's decision. *See* www.txcourts.gov (search for Petitioner). Petitioner now asserts that he is innocent based on perjury; prosecutorial misconduct; ineffective assistance of counsel; and excessive bond. (Doc. 3 at 6-7.) Respondent has filed an answer. (Doc. 11.)

## II. CUSTODY

Respondent argues that Petitioner is not in custody.[1]

"[T]he United States district courts [have] jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)); 28 U.S.C. § 2254(a)). "[T]he use of habeas corpus has not been restricted to situations in which the applicant is in actual, physical custody." *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 300 (1984) (citing *Jones v. Cunningham*, 371 U.S. 236, 239 (1963) (petitioner released on parole)). A person on

[1]It is not clear whether she contends that Petitioner is not in custody because he is on probation or because his appeal of the denial of his art. 11.072 state writ application was pending at the time he filed his federal petition:

> The Petitioner, Mathis, is not 'in custody' because he exhausted his state appellate remedies, when the Texas Court of Criminal Appeals issued its mandate on April 7, 2014 and the terms of Petitioner's probation commenced. *See Delorme v. State*, 488 S.W.2d 808, 810 (Tex. Crim. App. 1973) ("[w]here an appeal is taken, the terms of probation do not commence until the mandate of this court is issued.").

(Doc. 11 at 4.)

probation is in custody for purposes of § 2254(a). *See Caldwell v. Dretke*, 429 F.3d 521, 526 n.15 (5th Cir. 2005) (citing *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) (stating petitioner on probation eligible for habeas relief under § 2254(a)); *Caldwell v. Line*, 679 F.2d 494, 496-97 (5th Cir. 1982) (petitioner on probation was in custody under § 2254(a)). A person who is not incarcerated, but is awaiting the future execution of a sentence, is also in custody for purposes of section 2254. *See Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara County, California*, 411 U.S. 345, 251-52 (1973) (petitioner, who was sentenced but released on his own recognizance while pursuing habeas corpus relief, was in custody under § 2254(a)).

Respondent does not assert that Petitioner's ten-year term of probation, which was imposed in 2011, has expired or has been discharged. To the extent Respondent argues that Petitioner did not start serving his probation due to the pendency of the appeal of his art. 11.072 writ application, he was awaiting the future execution of his sentence of probation. Accordingly, Petitioner is in custody for purposes of his federal petition.[2]

## III. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present the claim to the Texas Court of Criminal Appeals. *See Richardson*, 762 F.2d at 431-32. To exhaust claims, a petitioner must present them in a procedurally correct manner. *Beazley v. Johnson*, 242 F.3d 248, 263

---

[2] The appeal of the art. 11.072 writ application is no longer pending. *See Ex parte Mathis*, 2015 WL 1256285. To the extent that this case is not dismissed, Respondent asks that it be abated pending the outcome of the art. 11.072 appeal. This request is moot because the appeal has been decided.

(5th Cir. 2001); *Deters*, 985 F.2d at 795.

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Under Texas law, a writ application may only be sought under Tex. Code Crim. Proc. art. 11.07 if a final conviction is challenged. A conviction for which a person is place on probation is not a final conviction for purposes of art. 11.07. *See Ex parte Hiracheta*, 307 S.W.3d 323, 325 (Tex. Crim. App. 2010); *Ex parte Renier*, 734 S.W.2d 349, 351 (Tex. Crim. App. 1987). A collateral challenge to the imposition of probation must be brought under art. 11.072 in the trial court in which probation was imposed. *See Ex parte Hiracheta*, 307 S.W.3d at 325. If the state district denies relief under art. 11.072, the petitioner may appeal to a Texas court of appeals, and if unsuccessful in the appellate court, the petitioner may petition the Texas Court of Criminal Appeals for discretionary review. *See Simpson v. Noyes*, No. 3:08-CV-577-N, 2008 WL 2462044 at *2 (N.D. Tex., June 12, 2008) (citing *Ex parte Villanueva*, 252 S.W.3d 391, 395–96 (Tex. Crim. App. 2008).

Here, Petitioner appealed the judgment of probation, and the appellate court deleted a condition of probation and affirmed the judgment as modified. *Mathis v. State*, 397 S.W.3d 332. The State filed a petition for discretionary review regarding the modification, but Petitioner did not file a petition for discretionary review. *Mathis v. State*, 424 S.W.3d 89, 93, 96 (setting out procedural history, noting that "the State appealed [the appellate court's] modification," and referring to the State's argument in "[i]ts Brief on discretionary review"). His two writ applications under art. 11.07 did not present his claims

to the Court of Criminal Appeals in a procedurally correct manner; they were dismissed by the Court of Criminal Appeals because he could not challenge the judgment of probation under that article. He filed an art. 11.072 application, which was denied by the state district court, and he appealed. Petitioner did not seek discretionary review of the appellate court's decision to affirm the judgment. He did not properly present his federal claims to the Court of Criminal Appeals, and his claims are unexhausted. Petitioner is not entitled to habeas corpus relief for failure to exhaust his state remedies.

## IV. RECOMMENDATION

The habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 11th day of January, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE